UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BENICIO RODRIGUEZ,

    Plaintiff,
v.                                             Case No. 8:24-cv-233-WFJ-AAS

DI ST PETERSBURG LLC,

    Defendant.
_____/

# ORDER

Before the Court is Plaintiff's Motion for Default Final Judgment (Dkt 14), together with the sworn declaration of Plaintiff Benicio Rodriguez (Dkt. 16) and an itemization for bill of costs (Dkt. 14-2). After careful consideration of the allegations of the complaint (Dkt. 1), Plaintiff's submissions, and the entire file, the Court concludes the motion is due to be granted.

## Liability

Plaintiff Benicio Rodriguez sues his employer, DI ST Petersburg LLC, under the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* According to the complaint, Mr. Rodriguez was employed at $13 per hour as a non-exempt maintenance worker from August 18, 2022, until his separation on November 3, 2022. Dkt. 1 ¶¶ 15, 16. Plaintiff regularly worked

more than forty hours per workweek, and Defendant did not pay him time-and-one-half his regular pay rate. *Id*. ¶¶ 26, 33, 34. Plaintiff alleges he is entitled to liquidated damages because Defendant failed to consult with an attorney, the Department of Labor, or an accountant to evaluate whether Plaintiff was exempt from overtime pay. *Id*. ¶¶ 27–30.

The Court finds the complaint and the underlying substantive merits more than sufficient to establish violations of the FLSA. *See Chudasma v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997) (recognizing that default judgment stands only on the merits "supported by well-pleaded allegations, assumed to be true") (citation omitted). Because it failed to respond to the complaint, Defendant is deemed to have admitted liability on the well-pleaded allegations of fact in the complaint. *Buchanon v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Therefore, liability has been established by the entry of default, which was entered upon proper motion by Plaintiff. Dkt. 13.

## Damages

Damages may be awarded without a hearing if the amount is a liquidated sum or capable of mathematical calculation. *See* Fed. R. Civ. P. 55(b)(1); *SEC v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005) (citing cases). By failing to appear or

provide time records, Defendant has failed to disprove Plaintiff's claims. *See Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1315 (11th Cir. 2013) (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687–88 (1946)). This Court can award damages to Plaintiff "even though the result be only approximate." *Id*. (quoting *Anderson*, 328 U.S. at 687–88). Plaintiff's affidavit is sufficient to carry the burden of proof regarding unpaid overtime wages. *See Jackson v. Creation Maintenance Inc.*, No. 6:23-cv-38-WWB-LHP, 2024 WL 1494306, at *5 (M.D. Fla. Feb. 21, 2024) (collecting cases).

Plaintiff avers he worked ten hours of overtime each week for eleven weeks. Dkt. 16. The Court finds that it is "just and reasonable" to infer that Plaintiff worked this amount in his job as a maintenance worker. *See Lamonica*, 711 F.3d at 1315 (quoting *Anderson*, 328 U.S. at 687–88, that plaintiff's burden is to produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference"). The overtime rate is $19.50 per hour, which is 1.5 times the $13 hourly rate. Ten hours per week equals $195 per week. Over eleven weeks, the total is $2,145.00. Having concluded Plaintiff is also entitled to liquidated damages under the well-pleaded allegations of the complaint, the Court determines both actual and liquidated damages equal $4,290.00.

## Costs[1]

Plaintiff attaches an itemization for bill of costs to counsel's affidavit.  Dkt. 14-2.  As the prevailing party, he seeks taxable costs of the clerk's filing fee of $405 and of the process server's fee for service of process of $49.29.  A prevailing party is entitled to those taxable costs pursuant to Federal Rule of Civil Procedure 54(d), as defined by Congress in 28 U.S.C. § 1920.  *See Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987) ("§ 1920 defines the term 'costs' as used in Rule 54(d).").  The court filing fee and service of process fees are recoverable under § 1920(1), which permits as taxable costs the fees "of the clerk and marshal."  Private process server fees are likewise taxable under §§ 1920(1) and 1921, provided the rates do not exceed those authorized in § 1921.  *EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000).[2]  The service fee is less than $65.  Accordingly, costs are taxed in the full amount of $454.29.

It is therefore **ORDERED AND ADJUDGED**:

1. Plaintiff's motion for default judgment (Dkt. 14) is granted.

---

[1] In this motion, Plaintiff does not pursue attorney's fees pursuant to the FLSA, specifically 29 U.S.C. § 216(b), although he pleaded them in the complaint.  Dkt. 1 at 8.

[2] The U.S. Marshals Service may charge no more than $65 per hour.  28 C.F.R. § 0.114(a)(3); *Martin v. Sabo*, No. 8:22-cv-640-TPB-UAM, 2024 WL 1420471, at *3 (M.D. Fla. Mar. 14, 2024), *adopted by*, 2024 WL 1417397 (M.D. Fla. Apr. 2, 2024).

2. Damages are awarded in the amount of $2,145 in overtime wages and $2,145.00 in liquated damages, for a total of $4,290.00.

3. Costs are awarded in the amount of $454.29.

4. The Clerk is directed to enter a final default judgment in favor of Plaintiff and against Defendant for $4,290,00, inclusive of actual and liquidated damages, and $454.29 in costs.  After entering judgment in accord with this order, the Clerk must terminate any pending motions and deadlines, and close the case.

**DONE AND ORDERED** at Tampa, Florida, on April 24, 2024.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Counsel of record